Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO
ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ
GODINEZ, and BERNARDO SOSA, individually and on behalf       **COLLECTIVE ACTION**
of all others similarly situated,                            **COMPLAINT**

                            Plaintiff,

     -against-                                                  **JURY TRIAL
                                                              REQUESTED**

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and
SALVATORE COPPOLA, an individual,

                            Defendants.
-----------------------------------------------------------------X

1. Plaintiffs, **LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

                           **PRELIMINARY STATEMENT**

2. Plaintiffs, **LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA,** individually and on behalf of all others similarly situated, through undersigned counsel, brings this action against **SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE COPPOLA, an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at SAL 79

1

ASSOCIATES, INC. D/B/A COPPOLA'S WEST located at 206 W. 79th STREET, NEW YORK, NY 10024.

3. Plaintiff **LEONIDAS CABRERA** was employed by Defendants from in or around 1995 until in or around 2010 and from in or around October 2013 until in or around June 2014.

4. Plaintiff **PEDRO BENITEZ** has been employed by Defendants from in or around 1991 to the present.

5. Plaintiff **SERGIO ALEJANDRO VEGA** was employed by Defendants from in or around 1994 until in or around January 2012.

6. Plaintiff **JOSE QUINTUNA** was employed by Defendants from in or around August 2011 until in or around March 2016.

7. Plaintiff **PLACIDO VALDEZ GODINEZ** was employed by Defendants from in or around 2001 until in or around October 2013.

8. Plaintiff **BERNARDO SOSA** was employed by Defendants from in or around 1989 until in or around 2000 and from in or around August 2015 until in or around March 2016.

9. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

14. Plaintiff LEONIDAS CABRERA resides at 360 Taylor Avenue, Bronx, New York 10473, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST from in or around 1995 until in or around 2010 and from in or around October 2013 until in or around June 2014.

15. Plaintiff PEDRO BENITEZ resides at 560 W. 126th Street, New York, New York 10027, and has been employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST from in or around 1991 to the present.

16. Plaintiff SERGIO ALEJANDRO VEGA resides at 2876 Jerome Avenue, Bronx, New York 10468, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST from in or around 1994 until in or around January 2012.

17. Plaintiff JOSE QUINTUNA resides at 42-46 65th Street, Woodside, New York 11377, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST from in or around August 2011 until in or around March 2016.

18. Plaintiff PLACIDO VALDEZ GODINEZ resides at 200 W. 146th Street, New York, New York 10039, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST from in or around 2001 until in or around October 2013.

19. Plaintiff BERNARDO SOSA resides at 6912 32nd Avenue, Woodside, New York 11377, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST from in or around 1989 until in or around 2000 and from in or around August 2015 until in or around March 2016.

20. Upon information and belief, Defendant, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, is a corporation organized under the laws of New York with a principal executive office at 206 W. 79th STREET, NEW YORK, NY 10024.

21. Upon information and belief, Defendant, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, is a corporation authorized to do business under the laws of New York.

22. Upon information and belief, Defendant SALVATORE COPPOLA owns and/or operates SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.

23. Upon information and belief, Defendant SALVATORE COPPOLA is the Chairman of the Board of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.

24. Upon information and belief, Defendant SALVATORE COPPOLA is the Chief Executive Officer of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
25. Upon information and belief, Defendant SALVATORE COPPOLA is an agent of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
26. Upon information and belief, Defendant SALVATORE COPPOLA has power over personnel decisions at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
27. Upon information and belief, Defendant SALVATORE COPPOLA has power over payroll decisions at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
28. Defendant SALVATORE COPPOLA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
29. During all relevant times herein, Defendant SALVATORE COPPOLA was Plaintiffs' employer within the meaning of the FLSA and NYLL.
30. On information and belief, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

31. Plaintiff LEONIDAS CABRERA was employed by Defendants from in or around 1995 until in or around 2010 and from in or around October 2013 until in or around June 2014.
32. During Plaintiff LEONIDAS CABRERA' employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a cook, kitchen worker, and performing other miscellaneous duties from in or around 1995 until in or around 2010 and from in or around October 2013 until in or around June 2014.
33. Plaintiff LEONIDAS CABRERA was paid by Defendants approximately $650.00 per week from in or around October 2013 until in or around June 2014.

34. Although Plaintiff LEONIDAS CABRERA worked approximately seventy-two (72) hours or more per week during the period of his employment by Defendants from in or around October 2013 until in or around June 2014, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Plaintiff PEDRO BENITEZ has been employed by Defendants from in or around 1991 to the present.

36. During Plaintiff PEDRO BENITEZ'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a cook, kitchen worker, and performing other miscellaneous duties from in or around 1991 to the present.

37. Plaintiff PEDRO BENITEZ was paid by Defendants approximately $13 per hour from in or around 2011 to the present.

38. Although Plaintiff PEDRO BENITEZ worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around 2011 to the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Plaintiff SERGIO ALEJANDRO VEGA was employed by Defendants from in or around 1994 until in or around January 2012.

40. During Plaintiff SERGIO ALEJANDRO VEGA'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a food preparer, cleaner, salad man, cook, kitchen worker, and performing other miscellaneous duties from in or around 1994 until in or around January 2012.

41. Plaintiff SERGIO ALEJANDRO VEGA was paid by Defendants approximately $370.00 per week from in or around 2011 until in or around January 2012.

42. Although Plaintiff SERGIO ALEJANDRO VEGA worked approximately seventy-two (72) hours or more per week during the period of his employment by Defendants from in or around 2011 until in or around January 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Plaintiff JOSE QUINTUNA was employed by Defendants from in or around August 2011 until in or around March 2016.
44. During Plaintiff JOSE QUINTUNA'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a food preparer, cook, cleaner, kitchen worker, and performing other miscellaneous duties from in or around August 2011 until in or around March 2016.
45. Plaintiff JOSE QUINTUNA was paid by Defendants approximately $700.00 per week from in or around August 2011 until in or around March 2016.
46. Although Plaintiff JOSE QUINTUNA worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around August 2011 until in or around March 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
47. Plaintiff PLACIDO VALDEZ GODINEZ was employed by Defendants from in or around 2001 until in or around October 2013.
48. During Plaintiff PLACIDO VALDEZ GODINEZ' employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a food preparer, cleaner, kitchen worker, and performing other miscellaneous duties from in or around 2001 until in or around October 2013.
49. Plaintiff PLACIDO VALDEZ GODINEZ was paid by Defendants approximately $380.00 per week from in or around 2011 until in or around October 2013.
50. Although Plaintiff PLACIDO VALDEZ GODINEZ worked approximately seventy-two (60) hours or more per week during the period of his employment by Defendants from in or around 2011 until in or around October 2013, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
51. Plaintiff BERNARDO SOSA was employed by Defendants from in or around 1989 until in or around 2000 and from in or around August 2015 until in or around March 2016.
52. During Plaintiff BERNARDO SOSA'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a cook, food

preparer, busboy, kitchen worker, and performing other miscellaneous duties from in or around 1989 until in or around 2000 and from in or around August 2015 until in or around March 2016.

53. Plaintiff BERNARDO SOSA was paid by Defendants approximately $800.00 per week from in or around August 2015 until in or around March 2016.

54. Although Plaintiff BERNARDO SOSA worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around August 2015 until in or around March 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Throughout their employment by Defendants, Plaintiffs were required to clock out for a thirty (30) minute lunch break each shift for which they were not paid but were required to continue working.

56. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

57. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

58. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

60. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, cleaners, salad men, kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and

7

management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages and overtime wages.

61. Upon information and belief, Defendants employed between 30 and 35 employees within the past three years subjected to similar payment structures.

62. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

63. Defendants' unlawful conduct has been widespread, repeated, and consistent.

64. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

65. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

66. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

67. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

68. The claims of Plaintiffs are typical of the claims of the putative class.

69. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

70. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

73. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

75. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

76. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

77. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

80. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

81. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84. Defendants are liable to Plaintiffs in the amount of $2,500.00 per Plaintiff together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

87. Defendants are liable to Plaintiffs in the amount of $2,500.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 13th day of February 2017.

/s/Roman Avshalumov
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE COPPOLA, an individual,

Defendants.

PROPOSED AMENDED COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST
206 W. 79th STREET
NEW YORK, NEW YORK 10024

SALVATORE COPPOLA
206 W. 79th STREET
NEW YORK, NEW YORK 10024