# Helen F. Dalton & Associates, P.C.

ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

November 28, 2017

**VIA ECF**
Honorable Magistrate Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Cabrera, et al. v. Sal 79 Associates, Inc., et al.**
**Docket No. 14-CV-5295 (JMA)(AYS)**

Dear Judge Peck:

    We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto, memorializes the agreed upon terms during the parties' extensive settlement discussions over the past week. The Agreement has been executed by Defendants and five of the six Plaintiffs. We have spoken with the sixth Plaintiff, who is temporarily unavailable except by telephone, and he has agreed to the terms of Agreement and will execute the Agreement by Monday.

    The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter and, as such, we respectfully request the Court approve and So Order the Settlement Agreement.

    The parties submit this letter and the Agreement today and respectfully request an expedited approval of the Agreement, given the time sensitive nature of this matter and prior issues regarding finalizing a Settlement Agreement. The parties want to ensure that the Agreement is enforceable and approved by Your Honor so that the parties do not violate the remaining Court-ordered scheduled dates, namely the discovery deadline of November 30, 2017 and the filing of the Joint Pre-Trial Order by December 4, 2017. The parties are hopeful that by filing this Agreement today, they can resolve incurring additional costs associated with outstanding depositions and pre-trial preparation.

    LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA, individually and on behalf of all others similarly situated, ("Plaintiffs") filed the Complaint against SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE

COPPOLA, an individual ("Defendants"), on February 15, 2017. Plaintiffs, who worked for Defendants as cooks, food preparers, dishwashers, and kitchen workers, alleged that they were entitled to unpaid overtime wages and minimum wages in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL") in addition to statutory penalties for failure to provide notices and wage statements.

In general, Plaintiffs claimed that they were required to work in excess of forty hours per week without receiving proper overtime compensation. Plaintiffs alleged that they would regularly work sixty to seventy-two hours per week without receiving time-and-a-half their regular hourly rate for all hours worked in excess of forty hours. Plaintiffs alleged that they were not given breaks and were not provided weekly wage statements, as well.

Though Plaintiffs determined that their damages result in approximately $588,000.00, not including interest and attorneys' fees, should they have prevailed on all their claims, Plaintiffs recognize that there would be risks to proceeding through trial and recognize that these claims are disputed claims by Defendants. Plaintiffs also acknowledge the extensive records maintained by the Defendants.

Therefore, after acknowledging these risks, Plaintiffs agreed to settle for the aggregate amount of $200,000.00 so as to avoid the inherent risks contained in continuing to trial. Defendants agreed to settle for this amount so as to avoid the expense of further litigating this case.

As such, Plaintiffs will receive the approximate amounts, less any tax withholdings and deductions, based on each Plaintiff's individualized calculation of damages:

| | |
|---|---|
| Leonidas Cabrera | $16,000.00 |
| Pedro Benitez | $38,000.00 |
| Sergio Alejandro Vega | $13,870.00 |
| Jose Quintuna | $30,000.00 |
| Placido Valdez Godinez | $17,000.00 |
| Bernardo Sosa | $16,000.00 |

These allocations are based on each Plaintiff's individualized calculation of damages, determined by how many hours each Plaintiff alleged they worked each week, the number of weeks worked by each Plaintiff, and how much each Plaintiff alleged to have received in pay each week.

Plaintiffs will recover a total amount of $130,870.00. Plaintiffs believe that these amounts are fair and reasonable, as they are based on the Plaintiffs' calculations of damages and the records maintained by Defendants.

Plaintiffs' counsel respectfully requests $3,695.00 for identifiable expenses, which include: the Eastern District of New York filing fee ($400.00), the costs of serving the Defendant through their process server, Anke Judicial Services ($200.00),

approximately $180.00 in ordering transcripts from conferences before Your Honor, and approximately $2,922.25 for costs related to depositions.

Plaintiffs' counsel respectfully requests one-third of the settlement amount less their expenses ($196,305.00), or approximately $65,435.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $69,130.00.

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC,* 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

The parties attended approximately five Court conferences, engaged in extensive paper discovery, conducted two depositions in this matter and engaged in a five-hour long settlement conference between the parties prior to conducting Defendants' depositions, which laid the groundwork for the resolution of this matter. Plaintiffs' counsel spent almost a year working on this matter, from pre-suit legal research, discovery, and engaging in settlement discussions with Defendants. Plaintiffs' counsel believes that in light of the efforts expended on this matter, the requested attorneys' fees are fair and reasonable and comply with the relevant case law.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement. This Agreement was negotiated between experienced counsel and has been carefully tailored to be approved in accordance with the guidelines provided in *Cheeks*.

Respectfully submitted,

/s/Roman Avshalumov
Roman Avshalumov, Esq.
*Attorney for Plaintiffs*