# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** November 29, 2017               **Total Number of Pages:**


**MEMO ENDORSED:**

The Court approves the parties' settlement under <u>Cheeks</u>, as modified on page 3 ¶ 4 to limit plaintiffs' release to FLSA & NYLL (inc. WTPA) claims. The Court will separately enter an Order of Dismissal.


Copies **by ECF** to: All Counsel



# Helen F. Dalton & Associates, P.C.
## ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 11/29/17

November 28, 2017

**MEMO ENDORSED** 11/29/17

*The Court approves the parties' settlement under Cheeks, as modified on pgs 3 & 4 to limit plaintiffs' release to FLSA & NYLL (incl. WTPA) claims. The Court will separately enter an Order of dismissal.*

**VIA ECF**
Honorable Magistrate Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Cabrera, et al. v. Sal 79 Associates, Inc., et al.</u>
Docket No. 14-CV-5295 (JMA)(AYS)

Dear Judge Peck:

  We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto, memorializes the agreed upon terms during the parties' extensive settlement discussions over the past week. The Agreement has been executed by Defendants and five of the six Plaintiffs. We have spoken with the sixth Plaintiff, who is temporarily unavailable except by telephone, and he has agreed to the terms of Agreement and will execute the Agreement by Monday.

  The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter and, as such, we respectfully request the Court approve and So Order the Settlement Agreement.

  The parties submit this letter and the Agreement today and respectfully request an expedited approval of the Agreement, given the time sensitive nature of this matter and prior issues regarding finalizing a Settlement Agreement. The parties want to ensure that the Agreement is enforceable and approved by Your Honor so that the parties do not violate the remaining Court-ordered scheduled dates, namely the discovery deadline of November 30, 2017 and the filing of the Joint Pre-Trial Order by December 4, 2017. The parties are hopeful that by filing this Agreement today, they can resolve incurring additional costs associated with outstanding depositions and pre-trial preparation.

  LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA, individually and on behalf of all others similarly situated, ("Plaintiffs") filed the Complaint against SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE



SO ORDERED
Hon. Andrew Jay Peck
United States Magistrate Judge



Copy Mailed
By ECF

COPPOLA, an individual ("Defendants"), on February 15, 2017. Plaintiffs, who worked for Defendants as cooks, food preparers, dishwashers, and kitchen workers, alleged that they were entitled to unpaid overtime wages and minimum wages in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL") in addition to statutory penalties for failure to provide notices and wage statements.

In general, Plaintiffs claimed that they were required to work in excess of forty hours per week without receiving proper overtime compensation. Plaintiffs alleged that they would regularly work sixty to seventy-two hours per week without receiving time-and-a-half their regular hourly rate for all hours worked in excess of forty hours. Plaintiffs alleged that they were not given breaks and were not provided weekly wage statements, as well.

Though Plaintiffs determined that their damages result in approximately $588,000.00, not including interest and attorneys' fees, should they have prevailed on all their claims, Plaintiffs recognize that there would be risks to proceeding through trial and recognize that these claims are disputed claims by Defendants. Plaintiffs also acknowledge the extensive records maintained by the Defendants.

Therefore, after acknowledging these risks, Plaintiffs agreed to settle for the aggregate amount of $200,000.00 so as to avoid the inherent risks contained in continuing to trial. Defendants agreed to settle for this amount so as to avoid the expense of further litigating this case.

As such, Plaintiffs will receive the approximate amounts, less any tax withholdings and deductions, based on each Plaintiff's individualized calculation of damages:

| Leonidas Cabrera | $16,000.00 |
|---|---|
| Pedro Benitez | $38,000.00 |
| Sergio Alejandro Vega | $13,870.00 |
| Jose Quintuna | $30,000.00 |
| Placido Valdez Godinez | $17,000.00 |
| Bernardo Sosa | $16,000.00 |

These allocations are based on each Plaintiff's individualized calculation of damages, determined by how many hours each Plaintiff alleged they worked each week, the number of weeks worked by each Plaintiff, and how much each Plaintiff alleged to have received in pay each week.

Plaintiffs will recover a total amount of $130,870.00. Plaintiffs believe that these amounts are fair and reasonable, as they are based on the Plaintiffs' calculations of damages and the records maintained by Defendants.

Plaintiffs' counsel respectfully requests $3,695.00 for identifiable expenses, which include: the Eastern District of New York filing fee ($400.00), the costs of serving the Defendant through their process server, Anke Judicial Services ($200.00),

approximately $180.00 in ordering transcripts from conferences before Your Honor, and approximately $2,922.25 for costs related to depositions.

Plaintiffs' counsel respectfully requests one-third of the settlement amount less their expenses ($196,305.00), or approximately $65,435.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $69,130.00.

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

The parties attended approximately five Court conferences, engaged in extensive paper discovery, conducted two depositions in this matter and engaged in a five-hour long settlement conference between the parties prior to conducting Defendants' depositions, which laid the groundwork for the resolution of this matter. Plaintiffs' counsel spent almost a year working on this matter, from pre-suit legal research, discovery, and engaging in settlement discussions with Defendants. Plaintiffs' counsel believes that in light of the efforts expended on this matter, the requested attorneys' fees are fair and reasonable and comply with the relevant case law.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement. This Agreement was negotiated between experienced counsel and has been carefully tailored to be approved in accordance with the guidelines provided in *Cheeks*.

Respectfully submitted,

/s/Roman Avshalumov
Roman Avshalumov, Esq.
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE COPPOLA, an individual,<br><br>*Defendants*. | **SETTLEMENT AGREEMENT AND RELEASE**<br><br>1:17-cv-01154-AJP |

This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is made and entered into by and between Plaintiffs LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO ("Plaintiffs" or "Claimants") and the Defendants SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE COPPOLA, their parent, subsidiaries, affiliates, shareholders, investors, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, attorneys, successors and assigns, in their capacities as such (collectively "Defendants" or "Company").

## RECITALS

A.  WHEREAS, on or about February 17, 2017 Plaintiffs filed an action (the "Action") against COMPANY alleging, *inter alia*, that COMPANY failed to pay certain wages due in connection with services performed on its behalf. The aforementioned action was filed in the United States District Court, Southern District of New York.

B.  WHEREAS, no court has considered or determined the claims presented;

C.  WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations;

D.  NOW, THEREFORE, pursuant to the settlement agreed to by and between the parties on November 21, 2017, and in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANTS agree that they will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation and Release</u>.

COMPANY agrees to pay CLAIMANTS the settlement amount of $200,000 inclusive of attorney's fees and costs.

(1) **Payment Schedule Breakdown: Plaintiffs' counsel will submit an addendum Payment Schedule which breaks down the disbursements for attorney's fees and payments to each Plaintiff. See Exhibit C.**

The General Breakdown of Settlement Payments is as follows:

$75,000.00 payable on or before December 15, 2017 to be held in escrow pending approval of the settlement. Once the settlement is approved, the funds will be released to Plaintiff's counsel.

$125,000.00 payable over 15 months; five quarterly payments of $25,000.00 payable on or before March 15, 2018, June 15, 2018, September 15, 2018, December 15, 2018 and March 15, 2019.

<u>Attorney's fees</u>: Will be paid via 1099 to Plaintiff's counsel. Plaintiffs' counsel is to provide Defendants with their Tax Identification.

<u>Payments to Plaintiffs</u>: Half will be paid via W-2 (Plaintiffs to provide their Tax Identification to Defendants); Half will be paid via 1099.

(2) Defendants agree to execute a Confession of Judgment attached to this agreement.

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANTS fully, finally, irrevocably and forever release and discharge COMPANY, its parent, subsidiaries, related entities, owners, shareholders, investors, counselors and attorneys from any and all federal and or New York State wage and hour claims, which CLAIMANTS has or may have had against COMPANY, whether asserted in this action or not. Plaintiffs will dismiss the Action with prejudice immediately upon receipt of payment.

Defendants will issue Form W-2 and/or 1099 for the above settlement payments as provided above. Upon the execution of this Settlement Agreement and before Plaintiff may receive and/or deposit any of the checks, Plaintiffs will provide Defendants with a Taxpayer Identification Number (TIN) or Social Security Number (SSN) to Defendants' counsel. Plaintiffs' counsel will provide a tax indentification number for their law firm.

2

Plaintiffs will be solely responsible for the payment of all taxes that may be assessed in connection with the 1099 payments of the settlement payments received herein. Upon execution of this Agreement, Plaintiffs and Plaintiffs' counsel will provide their tax ID's to Defendants for purposes of the above settlement payments as provided above. Plaintiffs further agree to indemnify and hold Defendants harmless against the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described above. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

If a payment is not timely received by Plaintiffs and their counsel, then Plaintiffs' counsel will send written notice to Defendants counsel advising of the over due payment. Defendants will then have ten (10) business days to cure the defect. If Defendants do not cure within that time period, Plaintiffs can seek to enforce the Confession of Judgment.

Plaintiffs will file with the Court the Stipulation of Voluntary Dismissal with Prejudice attached herewith as **Exhibit "A"** if the court has not done so already upon approval of the settlement agreement.

4. Release and Covenant Not To Sue: Plaintiffs hereby irrevocably and unconditionally release and forever discharge Defendants from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had or claimed to have against Defendants, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, attorneys, successors and assigns, in their capacities as such, ~~regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related~~ or in any manner incidental to the Litigation, each Plaintiff's employment, or any liability ~~under the Fair Labor Standards Act ("FLSA") and New York Wage and Hour Laws~~. Plaintiffs further waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasees identified in this Agreement is a party.

[Handwritten margin note: "No FLSA or NYLL in c. Me w/TPA" with initials]

5. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. Dismissal of the Litigation: Upon approval of the Settlement Agreement, Plaintiffs will immediately dismiss the pending lawsuit pursuant to this Agreement, and file the attached Stipulation of Dismissal (**Exhibit A**). In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

7. Mutual Non Disparagement: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or

criticizing one another regarding any subject matter, including without limitation all parties and counsel and those that are relevant to the instant proceedings and the settlement of the Litigation. This Mutual Non Disparagement provision shall include non disparagement in any publication of any sort, including but not limited to any and all blogs, internet postings and the like referencing the parties or their counsel to this matter in any manner.

8. **No Entry By Plaintiffs**: Plaintiffs hereby covenants and agrees not to enter the Company's establishment and/or premises under any circumstances.

9. **Response to Subpoena**: Plaintiffs agrees that, in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, his prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will give prompt notice of such request to Defendants.

10. **Return of all Property**: Plaintiffs represent that they have returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which each Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that each Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

11. **Employment References**: Any request for a reference with respect to each Plaintiff will be referred to the Company. The Company will limit any response to confirming each Plaintiff's title and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

12. **No Future Employment**: It is agreed that the employee-employer relationship between each Plaintiff and the Company ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs have or may have had against the Company. It is further understood should Plaintiffs again apply to work for the Company, in any capacity, the Company, based on this clause, may deny Plaintiffs employment for any position they seek, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that Plaintiff will not seek employment with the Company.

13. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

14. <u>Acknowledgment</u>: Plaintiffs and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

15. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

<u>To Plaintiffs</u>:
Roman Avshalumov, Esq./James O'Donnel, Esq.
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
Ph: 718.263.9591
Fax 718.263.9598

<u>To Defendants</u>:
Michael K. Chong, Esq.
MKC Law Group
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Suite 720
Fort Lee, NJ 07024
201-947-5200 (phone)
201-708-6676 (fax)

16. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York. The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

17. <u>Enforceability</u>: This Settlement Agreement is subject to judicial approval subject to <u>Cheeks v. Freeport Pancake House</u>, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). Thereafter, if any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable within twenty-one (21) days of Defendants request. If Plaintiffs do not comply it shall result in said Plaintiff's full return to Defendants of the full settlement amounts paid under this Agreement.

18. <u>Date of Settlement Agreement</u>: This Agreement and Release is a memorialization of the settlement agreed to by the parties on November 21, 2017.

19. <u>Interpretation</u>: No interpretations or ambiguous language should be treated in favor of or against any one party and that each party played an equal role in drafting and finalizing this Agreement, as authors and detailers.

20. <u>Jointly Drafted Agreement</u>: This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

21. <u>Release Notification and Withdrawal</u>:

   a. Defendants advise Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiffs acknowledge that he has consulted their counsel about this settlement agreement and release of claims, and it is knowing and voluntary their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought, and after an opportunity to consult with their attorneys.

   b. Plaintiffs acknowledge that the have been given an opportunity to consider this Agreement at the Settlement Conference, and thereafter for 21 days, and that he fully understand and agree to all of its terms.

22. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties can execute this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

23. <u>Headings</u>: The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[THIS SECTION IS INTENTIONALLY LEFT BLANK]

**IN WITNESS THEREOF**, the Settling Parties hereto evidence their agreement by their signature below.

### PLAINTIFFS:

_____ Date: 11/22/17
**BERNARDO SOSA**

By: Leah Janash
Sworn to before me this
22nd day of Nov., 2017

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

_____ Date: 11-22-17
**JOSE QUINTANA**

By: Leah Janash
Sworn to before me this
22nd day of Nov., 2017

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

_____ Date: 11/28/2017
**LEONIDAS CABRERA**

By: Leah Janash
Sworn to before me this
___ day of ___, 2017

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

_____ Date: 11/22/17
**PEDRO LUIS BENITEZ**

By: Leah Janash
Sworn to before me this
22nd day of Nov., 2017

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

7

_[signature]_     Date: 11/22/17

**PLACIDO VALDEZ GODINEZ**

By: _Leah Janash_
Sworn to before me this
22nd day of Nov, 2017

_[signature]_
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA6077017
Qualified in Queens County
Commission Expires April 28, 2019

_Sergio Alej Vega_     Date: 11/22/17

**SERGIO ALEJANDRO VEGA**

By: _Leah Janash_
Sworn to before me this
22nd day of Nov, 2017

_[signature]_
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA6077017
Qualified in Queens County
Commission Expires April 28, 2019

**DEFENDANTS:**

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST

_____  Date: 11/21/2017
SALVATORE COPPOLA,
Individually and on behalf of the corporation


By: Karen Shaner
Sworn to before me this
21st day of Nov., 2017

_____
Notary Public

```
KAREN SHANER
Commission # 2382112
Notary Public, State of New Jersey
My Commission Expires
February 03, 2019
```

9

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE COPPOLA, an individual,

*Defendants.*

---

**STIPULATION OF DISMISSAL WITH PREJUDICE**

1:17-cv-01154-AJP

WHEREAS, Plaintiffs contend that Defendants did not compensate them properly under federal (FLSA) and state (NYLL) wage and hour laws;

WHEREAS, Defendants deny all allegations of wrongdoing made by Plaintiffs;

WHEREAS, the parties have resolved this matter in its entirety on November 18, 2017;

WHEREAS, the Court has approved the parties' resolution of this case without further litigation;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that Plaintiffs' Complaint and any and all claims that were or could have been asserted in this action are hereby discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

10

Dated: November 21, 2017

_____
Law Office of Michael K. Chong, Esq.
MKC Law Group
Attorneys for Defendants
1250 Broadway, 36th Floor, Suite 300
New York, New York 10001
(212) 726-1104

Dated: 11/28, 2017

_____
Roman Avshalumov, Esq.
James O'Donnel, Esq.
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
Ph: 718.263.9591
Fax 718.263.9598

**SO ORDERED**:

_____   Date: _____
U.S.M.J.

11

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

---

LEONIDAS CABRERA, PEDRO BENITEZ, SERGIO ALEJANDRO VEGA, JOSE QUINTUNA, PLACIDO VALDEZ GODINEZ, and BERNARDO SOSA, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE COPPOLA, an individual,

*Defendants.*

---

**Exhibit B**

1:17-cv-01154-AJP

**AFFIDAVIT FOR JUDGMENT BY CONFESSION**

STATE OF NEW JERSEY   )
                      ) ss.:
COUNTY OF BERGEN      )

Salvator Coppola, being duly sworn, deposes and says:

1. I am a Defendant in the above-entitled action and I am a principal of the corporate defendant ("Corporate Defendant"). I am currently residing at 206 West 79th Street, #1, New York, NY 10024.

2. I individually and as an officer of the corporate defendant, am duly authorized to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me and the Corporate Defendant in the above-captioned action.

3. This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed is justly due is set forth below.

4. On November 21, 2017, Defendants agreed to pay Plaintiffs, pursuant to a Settlement Agreement in the amount of $200,000 to be paid over fiftenn (15) months in exchange for the dismissal of the above-captioned action, with prejudice.

5. Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendant in the amount of $400,000 less any settlement payments actually made by Defendants under said Settlement Agreement.

6. Under the terms of the Settlement Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiffs shall notify Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction including New York County. Defendants shall have ten (10) business-days from the date of Notice to remedy their default. If the default is not cured within the ten (10) business day period, all remaining payments will become due immediately and Defendants will be deemed to have consented to entry of this Confession of Judgment in favor of Plaintiffs in the amount of $400,000 less any payments already made by Defendants.

7. The Confession of Judgments is for a debt pursuant to a Settlement Agreement made with Plaintiffs. This Confession of Judgement is not for the purpose of securing the Plaintiffs against a contingent liability, nor is it based upon a consumer credit transaction.

8. I hereby authorize the entry of judgment in the amount of _____ (to be filled in by Plaintiffs) and shall not exceed $400,000, less any payments made by Defendants, against myself and the Corporate Defendant, jointly and severally.

9. I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: Fort Lee, ~~New York~~ New Jersey
November 21, 2017

Salvatore Coppola,
Individually and on behalf of the corporation

NOTARY: _____

KAREN SHANER
Commission # 2382112
Notary Public, State of New Jersey
My Commission Expires
February 03, 2019

13

Settlement amount: $200,000.00
Expenses: $3,695.00
Remainder: $196,305.00

Attorneys Fees: $196,305.00 / 3 = $65,435.00
Total paid to Attorneys: $65,435.00 + $3,695.00 = $69,130.00

Total to Plaintiffs: $130,870.00

Total paid to each Plaintiff
Sergio Vega: $13,870.00
Bernardo Sosa: $16,000.00
Jose Quintuna: $30,000.00
Placido Godinez: $17,000.00
Luis Pedro Benitez: $38,000.00
Leonidas Cabrera: $16,000.00

| First payment of $75,000.00 (December 15, 2017): | | W-2 | 1099 |
|---|---|---|---|
| Helen Dalton & Associates | 28,233.50 | | $28,233.50 |
| Sergio Vega | 4,956.50 | $2,478.25 | $2,478.25 |
| Bernardo Sosa | 5,717.60 | $2,858.80 | $2,858.80 |
| Jose Quintuna | 10,720.50 | $5,360.25 | $5,360.25 |
| Placido Godinez | 6,075.00 | $3,037.50 | $3,037.50 |
| Luis Pedro Benitez | 13,579.30 | $6,789.65 | $6,789.65 |
| Leonidas Cabrera | 5,717.60 | $2,858.80 | $2,858.80 |
| | 75,000.00 | | |

| Quarterly payments of $25,000.00 (3/15/18, 6/15/18, 9/15/18, 12/15/18, 3/15/19) | | W-2 | 1099 |
|---|---|---|---|
| Helen Dalton & Associates | $8,179.30 | | $8,179.30 |
| Sergio Vega | $1,782.70 | $891.35 | $891.35 |
| Bernardo Sosa | $2,056.48 | $1,028.24 | $1,028.24 |
| Jose Quintuna | $3,855.90 | $1,927.95 | $1,927.95 |
| Placido Godinez | $2,185.00 | $1,092.50 | $1,902.50 |
| Luis Pedro Benitez | $4,884.14 | $2,442.07 | $2,442.07 |
| Leonidas Cabrera | $2,056.48 | $1,028.24 | $1,028.24 |
| | $25,000.00 | | |